UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF ALAN BALL,<br><br>             Plaintiff,<br><br>    v.<br><br>PILOT TRAVEL CENTERS LLC,<br><br>            Defendant. | Case No. 1:24-cv-00256-JLT-CDB<br><br>ORDER GRANTING MOTION OF ATTORNEY KEVIN MAHONEY TO WITHDRAW AS COUNSEL OF RECORD<br><br>(Doc. 15)<br><br>ORDER GRANTING REQUEST TO SEAL<br><br>(Doc. 26)<br><br>ORDER DIRECTING PLAINTIFF TO MAKE FILING<br><br>**14-Day Deadline** |

        Pending before the Court is the motion of attorney Kevin Mahoney to withdraw as counsel of record for Plaintiff Jeff Alan Ball and related application to seal, filed May 31, 2024, and July 17, 2024, respectively.  (Docs. 15, 26).  The Court convened for hearing on the motion on July 10, 2024, and Mr. Mahoney filed supplemental information at the Court's direction thereafter.  (Doc. 21, 25).  Via Zoom videoconference, Mr. Mahoney appeared on behalf of Plaintiff and attorney Thomas Wiseman appeared on behalf of Defendant.  (Doc. 21).  Despite having notice of the motion, Plaintiff did not appear and has not made any filings in response to Mr. Mahoney's motion to withdraw.  For the reasons set forth below, the unopposed motion to withdraw and application to seal will be granted.

1

**Background**

Plaintiff initiated this action in Kern County Superior Court and the case was removed to this Court on February 29, 2024.  (Doc. 1).  In the operative complaint, Plaintiff raises various causes of action under the California Labor Code and Business & Professions Code against Defendant, his former employer.  (Doc. 5-1).  The parties filed joint scheduling reports and convened for a scheduling conference on May 28, 2024. (Docs. 11-14).  At Mr. Mahoney's request and without objection from Defendant, the case was not scheduled pending Mr. Mahoney's filing of his anticipated motion to withdraw.  (Doc. 14).

**Legal Standard**

The decision to grant or deny an attorney's motion to withdraw is ultimately committed to the discretion of the trial court.  *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009).  "In ruling on a motion to withdraw as counsel, courts consider (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 3:07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citing *Nat'l Career Coll., Inc. v. Spellings*, No. 07-cv-00075-HG-LK, 2007 WL 2048776, at *2 (D. Haw. July 11, 2007)); *see CE Res., Inc. v. Magellan Grp., LLC*, No. 2:08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009) (noting that "[u]ltimately, the court's ruling must involve a balancing of the equities").

In addition to the above factors, withdrawal of counsel is governed by the Local Rules.  Local Rule 182(d) provides that if withdrawal would leave a client without counsel, an attorney must file a formal motion and provide the client and all other parties with notice of the motion to withdraw.  *Id*.  The attorney must also submit an affidavit providing the current or last known address of the client and describing the efforts made to notify the client of the motion to withdraw.  *Id*.

Further, "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." *Id*.  The California Rules of Professional Conduct provide that if the rules of a court require permission for an attorney to withdraw, the attorney may not withdraw from employment in a proceeding without the

permission of such court.  Cal. R. Prof. Conduct 1.16(c).  Also, counsel must take reasonable steps to avoid prejudicing the rights of the client, including providing notice, allowing time for the client to employ other counsel, and complying with applicable laws and rules.  Cal. R. Prof. Conduct 1.16(d).  Grounds for permissive withdrawal exist when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively."  Cal. R. Prof. Conduct 1.16(b)(4).

**Discussion**

Based on its consideration of Mr. Mahoney's motion, supporting declaration of counsel to be filed under seal, and discussion with the parties during the motion hearing, the Court finds Mr. Mahoney has provided good cause to withdraw under the California Rules of Professional Conduct.  The motion papers reflect that a breakdown in the attorney-client relationship has occurred despite Mr. Mahoney's attempts to engage with Plaintiff, rendering it unreasonably difficult for Mr. Mahoney to effectively represent his client (Plaintiff).  As set forth in Mr. Mahoney's papers and confirmed during the motion hearing, Plaintiff has reacted to Mr. Mahoney's attempts to represent him with hostility and profanity, including on February 5, 13 and 25, 2024.  *E.g.*, (Doc. 15 at 5; Doc. 25 at 2).

Mr. Mahoney has complied with the notice requirements in Local Rule 182(d).  Specifically, Mr. Mahoney provided Plaintiff with notice of the motion and copies of the motion papers.  (Doc. 15-1 at 2).  Further, as directed by the Court during the motion hearing, Mr. Mahoney filed a supplemental declaration (also served on Plaintiff) that notified Plaintiff he could provide a response/objection/opposition to Mr. Mahoney's motion within 14 days of service thereof.  (Doc. 25 at 3).  Plaintiff did not appear at the motion hearing and has not filed any response to Mr. Mahoney's motion.

The Court also notes granting withdrawal will not cause any prejudice to any litigant, to the administration of justice, or delay the resolution of the case.  Among other things, the Court notes that Defendant does not oppose the pending motion or otherwise argue that it will suffer any prejudice from the Court's granting of the motion.  Further, the case has not been scheduled and Plaintiff will be afforded ample time to retain counsel or appear pro se to prosecute the case.

///

**Request to Seal**

In support of his motion to withdraw, Mr. Mahoney has filed a notice and application to seal (Doc. 23), emailed to the undersigned's chambers consistent with Local Rule 141 on July 19, 2024, accompanied by the document to be sealed, described as an attorney declaration containing information protected by attorney-client privilege and confidential information.

The Court has considered the factors set forth in *Oregonian Publ'g Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462 (9th Cir. 1990). The Court finds that, for the reasons stated in Mr. Mahoney's notice and request, sealing the declaration of counsel serves a compelling interest. The Court further finds that, in the absence of closure, the compelling interests identified by Mr. Mahoney would be harmed. Due to the privileged and confidential nature of the information contained throughout the declaration, the Court further finds that there are no additional alternatives to sealing the declaration that would adequately protect the compelling interests identified. Accordingly, the application will be granted.

**Conclusion and Order**

For the reasons set forth above:

1. The motion of Counsel Kevin Mahoney ("Counsel") to withdraw as counsel of record for Plaintiff (Doc. 15) and application to seal (Doc. 26) are GRANTED subject to the conditions set forth below;
2. The Clerk of the Court is directed to terminate Kevin Mahoney as counsel of record for Plaintiff;
3. Counsel shall comply with all obligations under Rule 1.16(e) of the California Rules of Professional Conduct regarding the release of a client's papers and property and the return of unearned fees;
4. Within five days of the date of this order, Counsel shall submit a copy of this order, the request for sealing and the document to be sealed (the declaration of Mr. Mahoney) by email to the Operations Section of the Clerk of the Court: ApprovedSealed@caed.uscourts.gov;

5. Plaintiff Jeff Alan Ball is substituted-in pro se and is directed to comply with all hearing dates and the rules of the Court;

6. The Clerk of the Court is directed to enter the following contact information for Plaintiff Jeff Alan Ball's address of record:

    1675 Garnet Ave

    San Diego, California, 92109

7. The Clerk of the Court is directed to serve this order on Plaintiff by mail; and

8. Plaintiff is directed to inform the Court within fourteen (14) days of service of this order whether he intends to obtain new counsel or represent himself. Any failure by Plaintiff to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including a recommendation that the action be dismissed.

IT IS SO ORDERED.

Dated: **August 7, 2024**

_____
UNITED STATES MAGISTRATE JUDGE