UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF ALAN BALL,<br><br>               Plaintiff,<br><br>    v.<br><br>PILOT TRAVEL CENTERS LLC,<br><br>               Defendant. | Case No. 1:24-cv-00256-JLT-CDB<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND TO OBEY COURT ORDERS<br><br>(Doc. 28)<br><br>**14-Day Deadline** |

      This action was commenced by Plaintiff Jeff Alan Ball ("Plaintiff") in state court and removed to this Court by Defendant Pilot Travel Centers LLC ("Defendant") on February 29, 2024. (Doc. 1). On May 31, 2024, Counsel for Plaintiff Kevin Mahoney ("Mahoney") filed a motion to withdraw as counsel for Plaintiff. (Doc. 15). Mahoney represented a breakdown in the attorney-client relationship had occurred. *Id*. Defendant filed a statement of non-opposition to Mahoney's motion on June 11, 2024. (Doc. 19). Plaintiff did not file a response to Mahoney's motion to withdraw. *See generally* (Doc.).

      On July 10, 2024, the Undersigned convened for a hearing on Mahoney's motion to withdraw. (Doc. 21). Plaintiff did not appear for the hearing. *Id*. The Undersigned requested a supplemental briefing on Mahoney's motion to withdraw. *Id*. On July 17, 2024, Mahoney filed a

declaration under seal in support of his motion to withdraw. (Doc. 25). Plaintiff was served with the declaration and notified he could provide a response/objection/opposition to the motion within 14 days of service thereof. *Id*. at 3. Again, Plaintiff did not respond to Mahoney's motion to withdraw. *See generally* (Doc.).

On August 7, 2024, the Undersigned issued an order granting Mahoney's motion to withdraw. (Doc. 28). The Undersigned found Mahoney had provided good cause to withdraw under the California Rules of Professional Conduct and complied with the notice requirements of Local Rule 182(d). *Id*. at 3. In the order granting the motion to withdraw, the Undersigned directed Plaintiff to inform the Court within 14 days of service of this order whether he intends to obtain new counsel or represent himself. *Id*. Plaintiff was informed, "[a]ny failure…to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including a recommendation that the action be dismissed." *Id*. Plaintiff has not responded to the Undersigned's order and the time to do so has passed.

**DISCUSSION**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (internal quotation marks & citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action. *In re Phenylpropanolamine (PPA) Products*

2

*Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, Plaintiff was directed to notify the Court following his attorney's withdrawal whether he intended to continue prosecuting this litigation, and if so, whether through counsel or on his own behalf. Plaintiff's failure to file any response to Mahoney's motion to withdraw, supplemental declaration, and the Undersigned's order directing him to file a response supports dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 639 (9th Cir. 2002) ("[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest…It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants…") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. There are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action. Thus, the first and second factors – the expeditious resolution of litigation and the Court's need to manage its docket – weigh in favor of dismissal. *Carey*, 856 F.2d at 1440-41; *In re PPA,* 460 F.3d at 1227.

The third factor, risk of prejudice to Defendant, also weighs fairly in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976); *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Here, Plaintiff has taken no action in response to Mahoney's motion to withdraw. Plaintiff has failed to notify the Court whether he intends to obtain new counsel or represent himself. Thus, the third factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228. As summarized

3

above, Plaintiff has not moved this case forward toward disposition on the merits, and, in fact, has not communicated with the Court how he intends to prosecute this action. Thus, Plaintiff is impeding the progress of this action. Therefore, the fourth factor also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440-41.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. As detailed above (*supra* 2), the Undersigned forewarned Plaintiff "**[a]ny failure…to respond to and comply with the Court's order in this regard will result in the imposition of sanctions for failure to prosecute and failure to comply with the Court's order, up to and including a recommendation that the action be dismissed.**" Plaintiff was adequately forewarned that his failure to timely file a response to the Court's order could result in terminating sanctions.

Accordingly, because Plaintiff has failed to comply with this Court's Local Rules and the Court's orders, and in so doing is failing to prosecute his case, the Undersigned will recommend dismissal of this action.

**CONCLUSION AND RECOMMENDATION**

For the reasons given above, the undersigned **RECOMMENDS** that this action be dismissed, without prejudice. These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 27, 2024**

UNITED STATES MAGISTRATE JUDGE